# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**17-66 consolidated with 16-1064**


**DERRICK DEAN, M.D.**

**VERSUS**

**ST. MARY EMERGENCY GROUP, LLC, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20155856
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, John E. Conery, and David E. Chatelain, Judges.[1]


**AFFIRMED.**

**Chatelain, J., concurs and assigns additional reasons.**



**Regel Louis Bisso**
**Robert G. Miller, Jr.**
**Bisso & Miller**
**3925 North I-10 Service Rd, W., #227**
**Metairie, LA 70002**
**(504) 830-3401**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Derrick Dean, M.D.**

---

[1] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**R. Joshua Koch, Jr.**
**Koch & Schmidt, LLC**
**650 Poydras Street, Suite 2660**
**New Orleans, LA 70130**
**(504) 208-9040**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Derrick Dean, M.D.**

**James L. Pate**
**Kenneth Wayne Jones, Jr.**
**Neuner Pate**
**P.O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Westport Insurance Corporation**

**Celia R. Cangelosi**
**Attorney at Law**
**5551 Corporate Boulevard, Suite 101**
**Baton Rouge, LA 70821-3036**
**(225) 231-1453**
**COUNSEL FOR OTHER APPELLANT:**
**Louisiana Board of Pharmacy**

**James H. Gibson**
**Stacy N. Kennedy**
**Allen & Gooch**
**P. O. Drawer 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**The Gachassin Law Firm**
**Julie Ann Savoy**

**Lisa Eve Mayer**
**Sara R. Buggs**
**Neuner Pate**
**1001 W. Pinhook Road, Suite 200**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**The Schumacher Group of Louisiana, Inc.**
**St. Mary Emergency Group, LLC**

**GREMILLION, Judge.**

The appellant, the Louisiana Board of Pharmacy (the Board), appeals the trial court's judgment granting the defendants-appellees, Gachassin Law Firm and Julie Ann Savoy's (Gachassin), motion to compel the Board to provide a physician's login and search history of the prescription monitoring program (PMP). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Dr. Derrick Dean was sued by the family of Kenneth Scully following Scully's death after admission to the emergency room in which Dr. Dean was working. Dr. Dean employed the Gachassin Law Firm, for whom Savoy is employed as an attorney, to defend him from the medical malpractice suit filed against him. However, before the medical review panel convened, the matter was settled with Scully's family for $450,000.

Thereafter, Dr. Dean sued Gachassin for legal malpractice. Gachassin sought to compel the Board to "disclose the date, time and portal location of Dr. Dean's access of the online database concerning Mr. Scully for the time period of 2013 through the present date." The PMP is a repository of information collected by the Board that monitors the dispensation of controlled substances and other drugs of concern in the state. Gachassin sought the information for purposes of showing inconsistencies in the times Dr. Dean claimed to have accessed the database relative to the settlement reached with Scully's family.

The trial court granted Gachassin's motion to compel. The Board filed a supervisory writ with this court in 16-1064. The Board also filed the instant appeal seeking reversal of the trial court's grant of the motion to compel. We have

2

consolidated the writ application and appeal. The Board's sole assignment of error is that the trial court erred in granting the motion to compel filed by Gachassin.

## DISCUSSION

This case presents a question of law: Whether a physician's login time, portal location, and search history of an individual patient qualifies as "prescription monitoring information" subject to the limitations of La.R.S. 40:1007, an issue of first consideration. The trial court reasoned that the login information did not qualify as "prescription monitoring information" as follows:

> But here what they're looking for is the information only upon when the doctor accessed the program. When did he open the door? I'm not looking for any information in the closet; they just want to know when he opened the door.

We review questions of law de novo. *Jim Walter Homes, Inc. v. Jessen*, 98-1685 (La.App. 3 Cir. 3/31/99), 732 So.2d 699. We construe evidentiary privileges narrowly because they prevent the search for truth. *Renfro v. Burlington Northern and Sante Fe RR*, 06-952 (La.App. 3 Cir. 12/6/06), 945 So.2d 857, *writ denied*, 07-0303 (La. 4/27/07), 955 So.2d 684.

Louisiana Revised Statutes 40:1007(A)(emphasis added) titled "Access to Prescription Monitoring Information" provides:

> A. Except as provided in Subsections C, D, E, F, G, H, and I of this Section, *prescription monitoring information submitted to the board shall be protected health information*, not subject to public or open records law, including but not limited to R.S. 44:1 et seq., and not subject to disclosure. *Prescription monitoring information shall not be available for civil subpoena from the board nor shall such information be disclosed, discoverable, or compelled to be produced in any civil proceeding nor shall such records be deemed admissible as evidence in any civil proceeding for any reason.* Notwithstanding this provision, law enforcement and professional licensing, certification, or regulatory agencies may utilize prescription monitoring information in the course of any investigation and subsequent criminal and administrative proceedings, but only in

accordance with federal and state law and the requirements of this Part.

B. The board shall maintain procedures to ensure that *the privacy and confidentiality of patients and patient information collected*, recorded, transmitted, and maintained is not disclosed to persons or entities except as in Subsections C, D, E, F, G, H, and I of this Section.

C. The board shall review the prescription monitoring information. If there is reasonable suspicion to believe a breach of professional or occupational standards may have occurred, the board shall notify the appropriate professional licensing agency with jurisdiction over prescribers or dispensers and shall provide prescription monitoring information required for an investigation.

D. The board shall provide prescription monitoring information to public or private entities, whether located in or outside of the state, for public research, policy, or educational purposes, but only after removing information that identifies or could be reasonably used to identify prescribers, dispensers, and individual patients or persons who received prescriptions from prescribers.

E. The following persons, after successful completion of the educational courses identified in R.S. 40:1008, may access prescription monitoring information at no cost and in the same or similar manner, and for the same or similar purposes, as those persons are authorized to access similar protected health information under federal and state law and regulation:

(1) Persons authorized to prescribe or dispense controlled substances or drugs of concern, or their delegates as defined by rule, for the purpose of providing medical or pharmaceutical care for their patients, or for verifying their prescribing records.

(2) Designated representatives from the professional licensing, certification, or regulatory agencies of this state or another state charged with administrative oversight of those professionals engaged in the prescribing or dispensing of controlled substances or other drugs of concern.

(3) Designated representatives from the Louisiana Medicaid program regarding Medicaid program recipients.

(4) Designated representatives of the board and any vendor or contractor establishing or maintaining the prescription monitoring program.

F. The board may provide a report containing prescription monitoring information upon application of local, state, out-of-state, and federal law enforcement or prosecutorial officials engaged in the

administration, investigation, or enforcement of the laws governing controlled substances or other drugs of concern in compliance with and as limited by the relevant requirements of any of the following:

(1) A court order or court-ordered warrant, or a subpoena or summons issued by a judicial officer.

(2) A grand jury subpoena.

(3) An administrative request, including an administrative subpoena or summons, a civil or an authorized investigative demand, or similar process authorized under law, provided by law enforcement to the board, and further, provided all of the following:

(a) The information sought is relevant and material to a legitimate law enforcement inquiry.

(b) The request is specific and limited in scope to the extent reasonably practicable in light of the purpose for which the information is sought.

(c) De-identified information, or limited information that does not identify or could not reasonably lead to the identification of an individual patient, could not reasonably be used.

G. The board may provide prescription monitoring information in response to queries from prescription monitoring programs located in other states, through its participation in a secure interstate data exchange system, and the information may be used by those programs in a manner consistent with this Section.

H. The board may provide prescription monitoring information to authorized users of the prescription monitoring program via a state health information exchange or other third party conduit that has been approved by the board.

I. The board may provide prescription monitoring information to an individual who requests his personal prescription monitoring information in accordance with procedures established by board regulation.

J. The board and the advisory council shall be immune from civil liability arising from inaccuracy of any of the information submitted to the board pursuant to this Part.

"Prescription monitoring information" is defined in La.R.S. 40:1003(12) as

"data submitted to and maintained by the prescription monitoring program."

Louisiana Revised Statutes 40:1006 sets forth the information to be submitted to the PMP:

A. Each dispenser shall submit to the board information regarding each prescription dispensed for a controlled substance or drug monitored by the program. The information submitted for each prescription shall include, at a minimum, data relative to the identification of the following elements of the transaction:

(1) Prescriber information.

(2) Patient information.

(3) Prescription information.

(4) Controlled substance or drug information.

(5) Dispenser information.

Louisiana Administrative Code 46:2913 additionally provides a detailed listing of the information that shall be included for each prescription submitted as follows:

1. Prescriber information:

a. last and first name of prescriber;

b. United States Drug Enforcement Administration (DEA) registration number, and suffix if applicable, or in the alternative, the national provider identifier (NPI) number, as issued by the United States Centers for Medicare and Medicaid Services (CMS).

2. Patient information

a. last and first name of human patient and middle initial or name if available, or in the event of a veterinary prescription, the client's name and patient's animal species;

b. complete address of patient;

c. date of birth of patient;

d. identification number of patient;

e. gender code;

f. species code.

3. Prescription information:

a. identification number of prescription;

b. date of issuance;

c. date of fulfillment;

d. number of refills authorized on original prescription and refill number;

e. method of payment for prescription (cash, insurance, or government subsidy).

4. Drug information:

a. National Drug Code (NDC) number;

b. quantity dispensed;

c. days supply.

5. Dispenser information:

a. DEA registration number, or in the alternative, the national provider identifier (NPI) number.

The Board argues that a physician's login and search history is "data submitted to and maintained by the prescription monitoring program." We disagree. A timestamp, portal location identifier, and search query is not data *submitted* to the PMP. The data which is *submitted* is that found in La.R.S. 40:1006. The term "submitted" when read in combination with La.R.S. 40:1006 clearly implies the input of the listed information into the database. Further, a plain reading of the statute indicates that prescription monitoring information is 1) data submitted *and* 2) maintained. If the legislature intended to prohibit any and all information *maintained* by the Board it could have used "or" in place of "and" to broaden the exclusion.

Moreover, even if we assumed it was data submitted, in this case, we find this is not the substantive data that the legislature intended to protect. The Board itself states in brief that the privilege from disclosure "fosters the legislative purpose of collecting prescription monitoring information to use to combat doctor shopping and thus ultimately combat drug use and addiction." The collection of information relating to a physician user's portal location, login time, and search history is not information submitted to the database and it serves no purpose in combating doctor-shopping or drug abuse.

On the other hand, as plaintiff argues, the legislature intended for the accessors and/or contributors of the program to have unfettered access without fear of retribution via civil lawsuits. We agree that it is clear from La.R.S. 40:1007 that the submitted prescription monitoring information will not be available for any reason in civil lawsuits. Again however, under the specific facts of this case, we find that that the information sought by Gachassin is not prescription monitoring information referenced in La.R.S. 40:1007(A).

The Board argues that the search of a person's name is, in and of itself, revealing patient identity. We disagree. The search of a particular name reveals nothing about the nature of the record contained therein. It implies nothing about the person nor reveals any information about that person's prescription drug use. Arguably, nearly every United States citizen has been "a patient" at some point between their birth and death. Thus, there is no significance in the revelation that a person may be a patient.

We do not intend to create a bright-line rule that the date, time, and portal location information collected by the Board is always exempt from the privilege set forth in La.R.S. 40:1007. Rather, we find that under the narrowly presented

facts of this particular legal malpractice case, the Board's records pertaining to Dr. Dean's search history of Kenneth Scully, including the date, time, and portal location, are not privileged information under La.R.S. 40:1007.

This information is highly relevant to the defendants' case and their ability to defend themselves from the legal malpractice suit. The information sought is not prescription monitoring information. It reveals no confidential information submitted to the database. It merely reveals the time, location, and search query of the doctor. Accordingly, we find the information sought in Gachassin's motion to compel is not privileged, and we affirm the trial court's ruling granting the motion.

## CONCLUSION

The judgment of the trial court granting the defendants-appellees' motion to compel is affirmed. All costs of this appeal are assessed to the Louisiana Pharmacy Board.

**AFFIRMED**.

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


17-66 Consolidated with 16-1064


DERRICK DEAN, M.D.

Versus

ST. MARY EMERGENCY GROUP, LLC, ET AL.


**CHATELAIN, J., concurring and assigning additional reasons.**

From the outset, I find it important to remember the context within which this case arose. The plaintiff, Dr. Derrick Dean (Dr. Dean), sued his attorneys, Gachassin Law Firm and Julie Ann Savoy (collectively GLF), contending that the medical malpractice case brought against him by the minor children of Kenneth Scully (Mr. Scully) should not have been settled. In his legal malpractice action against GLF, Dr. Dean contended that Mr. Scully died of a narcotic overdose, not from any negligent treatment on his part.

During his deposition, Dr. Dean gave contradictory testimony concerning when he learned of Mr. Scully's narcotic prescription history. Dr. Dean initially stated that he first learned of Mr. Scully's narcotic prescription history almost a year after Mr. Scully's death when he accessed Mr. Scully's prescription records on the Pharmacy Board's Prescription Monitoring Program (PMP). Later, he stated he learned of Mr. Scully's prescription history through the PMP in connection with his examination and treatment of Mr. Scully – well prior to the time he instructed GLF to settle the medical malpractice claim against him.

In light of this contradictory testimony, GLF served the Pharmacy Board with a notice of records deposition and subpoena duces tecum, seeking only the date, time and portal location of Dr. Dean's access of the online database concerning Mr. Scully. At that point, the Pharmacy Board declined to produce the

requested information, citing La.R.S. 40:1007 which prohibits disclosure of "prescription monitoring information submitted to the board."

I agree wholeheartedly with the majority opinion and its factually limited resolution of the issue now before us. This adjudication fully comports with like questions regarding the scope of confidential records. See, e.g., *Smith v. Lincoln Gen. Hosp.*, 605 So.2d 1347 (holding that La. R.S. 13:3715.3(a) and La. R.S. 44:7(D) did not provide a hospital with blanket immunity from responding to discovery requests which did not implicate the purpose of the legislatively enacted privilege); see also *Gauthreaux v. Frank*, 95-1033 (La. 6/116/95), 656 So.2d 634; *Smith v. Our Lady of the Lake Hospital, Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730; *George v. Christus Health Southwestern Louisiana*, 16-412 (La.App. 3 Cir. 10/12/16, 203 So.3d 541

However, I further concur, finding additional reasons to support the trial court's determination to allow GLF's limited request for information of Dr. Dean's portal access to the PMP database. It is clear that La.R.S. 40:1007 equates prescription monitoring information submitted to the board as "protected health information." Louisiana Code of Evidence Article 510 recognizes a health care provider-patient privilege[1] relative to confidential medical information and provides in paragraph (B)(1) this general rule in civil proceedings:

> In a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives.

---

[1] Louisiana Code of Evidence Article 510 (D) states:

**Who may claim the privilege.** In both civil and criminal proceedings, the privilege may be claimed by the patient or by his legal representative. The person who was the physician, psychotherapist, or health care provider or his representatives, at the time of the communication is presumed to have authority to claim the privilege on behalf of the patient or deceased patient.

2

As delineated, in pertinent part, in La. Code Evid. art. 510(B)(2) (emphasis added):

> Exceptions. There is no privilege under this Article in a non-criminal proceeding as to a communication:
>
> . . .
>
> (c) When the communication is relevant to an issue of the health condition of the patient . . . after the patient's death, *in any proceeding in which a party deriving his right from the patient relies on the patient's health condition as an element of his claim or defense.*

Furthermore, La. Code Evid. art. 510(E) states:

> The exceptions to the privilege set forth in Paragraph B(2) shall constitute a waiver of the privilege only as to testimony at trial or to discovery of the privileged communication by one of the discovery methods authorized by Code of Civil Procedure Article 1421 et seq.[.]

Under the specific provisions of La. Civ.Code art. 1422, it is provided, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In the present case, Dr. Dean's legal malpractice action has made his knowledge of Mr. Scully's prescription history a focal point in his legal malpractice claim. As such, I find the limited claim of privilege has been waived and portal access information relative to this patient is discoverable.

Therefore, under the specific facts of this litigation, the relevance of this information for the impeachment of Dr. Dean's testimony, and my appreciation that the availability of this information does not impugn the stated purpose of the prescription monitoring program, I, too, agree that the trial court properly granted the motion to compel the Louisiana Board of Pharmacy to provide the limited information GLF sought.